ALD-351                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2106
_____

LARRY JONES,
                                    Appellant

v.

SGT. YOLINSKY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-15-cv-00099)
District Judge:  Honorable Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2016
Before:  AMBRO, SHWARTZ, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 27, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Larry Jones appeals from the Magistrate Judge's order granting Appellee Sergeant Yolinsky's motion for summary judgment and denying Jones's motion for summary judgment.[1]  Because we conclude that this appeal presents no substantial question, we will summarily affirm the judgment below.  See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

Jones, a prisoner at State Correctional Institution – Forest, acting pro se, filed this civil rights action against Sergeant Yolinsky, an employee of the Pennsylvania Department of Corrections.  Jones alleged that, after he transferred into SCI-Forest in March of 2014, Yolinsky targeted him for retaliation for a lawsuit that he had filed against Yolinsky in 2004.  Jones further alleged that, as a result of Yolinsky's actions, in May of 2014, Jones was placed in administrative custody for 192 days.  Jones's Complaint stated both due process and retaliation claims.  Yolinsky, on the other hand, maintained that he merely informed SCI-Forest of alleged threats that Jones had made against him in the past and was not involved in decision-making regarding Jones's placement in administrative custody.  The Magistrate Judge granted summary judgment on all claims to Yolinsky, ruling that he had no personal involvement in Jones's placement in administrative custody and thus could not be held liable.  Jones now appeals.

---

[1] The parties consented to disposition of this matter by the Magistrate Judge.  See 28 U.S.C. § 636(c).

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of orders granting motions for summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). We will summarily affirm because Jones's appeal presents no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6.

We agree with the Magistrate Judge's conclusion that Jones failed to produce evidence suggesting that Sergeant Yolinsky was personally involved in or had actual knowledge of, and acquiesced to, the commission of any alleged constitutional violation. Here, Jones only broadly alleged that Yolinsky triggered the process by which he was held in administrative custody by others. Jones has not alleged Yolinsky's knowledge and acquiescence with the required particularity, nor has Jones offered evidence tending to show that Yolinsky had the necessary level of involvement in the underlying allegedly unconstitutional retaliatory conduct for the claim against him to survive summary judgment. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (holding that a plaintiff must allege "with appropriate particularity" that the defendants "have personal involvement in the alleged wrongs [which] . . . can be shown through allegations of personal direction or of actual knowledge and acquiescence"). To the contrary, the record reflects that Yolinsky's involvement is extremely limited – namely, to the sole act of submitting the Incident Report informing SCI-Forest of his history with Jones and his belief that a Separation Order was in place due to Jones's prior threats against him. Based on the undisputed record, Yolinsky did not participate in issuing the DC-141 Other

3

Report that placed him in administrative custody pending a transfer and he did not participate in any of the Program Review Committee reviews that extended that segregation. Put more simply, even if one were to assume an incident of retaliation did occur, there is no evidence that Yolinsky was personally involved in the violation of Jones's constitutional rights.[2]

Even if Yolinsky had been personally involved, the District Court still properly granted him summary judgment. A prisoner claiming that prison officials have retaliated against him for exercising his rights under the First Amendment must prove that, inter alia, he suffered an "adverse action" at their hands. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). However, defendants can prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334. Here, the record reveals a clear legitimate penological basis underlying the decision to house Jones, who had made threats against a corrections officer, in administrative custody: prison security. See Bell v. Wolfish, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

---

[2] Yolinsky introduced several affidavits of prisoners who swore to have overheard Yolinsky make disparaging remarks about Jones. This cannot overcome Jones's lack of personal involvement in any specifically alleged constitutional violation.

Finally, Jones fares no better as to the claim that his due process rights under the Fourteenth Amendment were violated when he was placed in administrative custody pending a transfer out of SCI-Forest. The Due Process Clause of the Fourteenth Amendment does not create an inherent liberty interest to remain free from administrative custody unless it would create an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The summary judgment record is devoid of any facts suggesting that Jones's transfer to administrative custody for 192 days resulted in "atypical and significant hardship." See Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (exposure to the conditions of administrative custody for periods of as long as 15 months is not atypical and does not deprive prisoners of a liberty interest). Because Jones's claim does not implicate a liberty interest, Yolinsky was entitled to summary judgment as to this claim.

III.

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the Magistrate Judge's order granting Yolinsky summary judgment and denying Jones summary judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.